IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LA WANDA GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-01274 |
| | § | |
| JAMARCUS LEWIS; AND KLLM | § | JURY TRIAL |
| TRANSPORT SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

1. Plaintiff La Wanda Graham files Plaintiff's Second Amended Complaint against Defendants Jemarcus Lewis and KLLM Transport Services, LLC.

## PARTIES

2. Plaintiff La Wanda Graham is an individual resident of Everman, Tarrant County, Texas. Her driver's license number is *****513 and her social security number is ***-**-*044.

3. Defendant Jemarcus Lewis is an individual resident of Camden, Madison County, Mississippi and may be served with process through his attorney of record pursuant to the Federal Rules of Civil Procedure.

4. Defendant KLLM Transport Services, LLC is a corporation doing business in Dallas, Dallas County, Texas and may be served thorugh its attorney of record pursuant to the Federal Rules of Civil Procedure.

PLAINTIFF'S SECOND AMENDED COMPLAINT – Page 1

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the non-resident Defendants.

6. Venue of this case is proper in the Dallas Division of the Northern District of Texas because the collision made the basis of this suit occurred in Dallas County, Texas, located within the boundaries of the Dallas Division of the Northern District of Texas.

7. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## FACTS

8. This lawsuit arises out of a motor vehicle collision that occurred on or about Sunday, May 24, 2020 on Interstate Highway 20 near South Lancaster Road within the city limits of Lancaster, Dallas County, Texas. Plaintiff La Wanda Graham was operating her vehicle eastbound on Interstate Highway 20 in the second lane from the right. Defendant Jemarcus Lewis was operating his 18-wheeler eastbound on IH-20 in the third lane from the right. Defendant Jemarcus Lewis was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant KLLM Transport Services, LLC. Defendant Jemarcus Lewis made an unsafe lane change into Plaintiff's lane colliding hard with the driver's side of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

A.   NEGLIGENCE – DEFENDANT JEMARCUS LEWIS

9. At the time of the motor vehicle collision, Defendant Jemarcus Lewis was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when unsafe to do so;

3. Defendant failed to drive in a single lane;

4. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

5. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

6. Defendant failed to operate his 18-wheeler at a safe speed; and

7. Defendant failed to have or apply all of his mental faculties because he was distracted by cell phone usage.

B. **NEGLIGENT ENTRUSTMENT – DEFENDANT KLLM TRANSPORT SERVICES, LLC**

10. As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant KLLM Transport Services, LLC was the owner of the vehicle driven by Defendant Jemarcus Lewis. Defendant KLLM Transport Services, LLC entrusted the vehicle to Defendant Jemarcus Lewis. Defendant Jemarcus Lewis was incompetent and/or reckless and Defendant KLLM Transport Services, LLC knew or should have known that Defendant Jemarcus Lewis was incompetent and/or reckless. Defendant Jemarcus Lewis's

negligence on the occasion in question proximately caused the collision and Plaintiff's damages.

11. By way of example, approximatley five months before the collision, Defendant KLLM Transport Services, LLC counseled Defendant Jamarcus Lewis for safety concerns arising out of Defendant Lewis's driving. Also, approximately one week before the collision at issue, Defendant Lewis had a safety-related violation of his agreement with Defendant KLLM Transport Services, LLC.

12. Thus, Defendant KLLM Transport Services, LLC entrusted the tractor trailer to Defendant Lewis on the occasion in question and at that time knew, or should have known, based on the instances discussed above, that Defendant Lewis was incompetent and/or reckless. Defendant Lewis's negligence proximately caused the collision at issue.

C. **RESPONDEAT SUPERIOR – DEFENDANT KLLM TRANSPORT SERVICES, LLC**

13. Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Jemarcus Lewis was in the course and scope of his employment with Defendant KLLM Transport Services, LLC thereby making Defendant KLLM Transport Services, LLC liable under the doctrine of *Respondeat Superior*.

D. **NEGLIGENCE – DEFENDANT KLLM TRANSPORT SERVICES, LLC**

14. Defendant KLLM Transport Services, LLC negligently hired and retained Defendant Jemarcus Lewis. Moreover, Defendant KLLM Transport

Services, LLC failed to properly qualify, train and/or supervise Defendant Jemarcus Lewis in order to prevent such collision.

15. By way of example, approximatley five months before the collision, Defendant KLLM Transport Services, LLC counseled Defendant Jamarcus Lewis for safety concerns arising out of Defendant Lewis's driving. Also, only approximately one week before the collision at issue, Defendant Lewis had a safety-related violation of his agreement with Defendant KLLM Transport Services, LLC.

16. Defendant KLLM Transport Services, LLC had a duty to properly retain, train, and/or supervise Defendant Jamarcus Lewis. In the examples set forth above, Defendant KLLM Transport Services, LLC failed to properly retain, train, and/or supervise Defendant Jamarcus Lewis because it failed to pull him off of the road and keep him off of the road until such time as his driving improved and no longer constituted a hazard to other uses of the roadway, such as Plaintiff. Defendant KLLM Transport Services, LLC breached its duty to properly retain, train, and/or supervise Defendant Lewis and such breach proximately caused Plaintiff's damages.

## DAMAGES

17. As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a. Medical expenses in the past and future;

b. Lost wages in the past and loss of earning capacity in the future;

    c.    Property damage and loss of use of Plaintiff's vehicle;

    d.    Physical pain and suffering in the past and future;

    e.    Mental anguish in the past and future; and

    f.    Physical impairment in the past and future.

## JURY TRIAL

18. Plaintiff demands a trial by jury and includes the appropriate jury fees.

## U.S. LIFE TABLES

19. Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

    a.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

    b.    Plaintiff's future medical expenses;

    c.    Plaintiff's lost wages in the past and loss of earning capacity in the future;

    d.    Plaintiff's property damage and loss of use of Plaintiff's vehicle;

    e.    Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

    f.    Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

g.  Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

h.  Interest on the judgment at the legal rate from the date of judgment;

i.  Pre-judgment interest on Plaintiff's damages as allowed by law;

j.  All costs of court; and

k.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: */s/ Jibraeel "Jib" Zaidi*
**JIBRAEEL "JIB" ZAIDI**
State Bar No. 24091248
jib.zaidi@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com

**WITHERITE LAW GROUP, PLLC**
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document of the foregoing has been forwarded to all counsel of record on this 11th day of March, 2022 pursuant to the Federal Rules of Civil Procedure.

                                             */s/ Jibraeel "Jib" Zaidi*
                                             **Jibraeel "Jib" Zaidi**

Mr. Zach T. Mayer
Mayer, LLP
750 North St. Paul Street
Suite 700
Dallas, TX 75201
Attorney for: KLLM Transport Services, LLC