IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LA WANDA GRAHAM, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:21-CV-1274-D |
| § | |
| JAMARCUS LEWIS, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff La Wanda Graham ("Graham") moves to strike an affidavit filed by defendants Jamarcus Lewis and KLLM Transport Services, LLC under Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b). Because this procedure is inapplicable in this case, the court denies the motion as moot.[1]

I

Texas law provides a mechanism by which a plaintiff in a personal injury case like this one can file an affidavit from a physician to establish the reasonableness and necessity of her treatment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b) (West 2019). Pursuant to this law, Graham served defendants with affidavits from her medical providers. Defendants, also relying on the procedures provided in § 18.001, then produced a

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

controverting affidavit from Vishal C. Patel, M.D. ("Dr. Patel"). Dr. Patel concluded that some of the charges listed in Graham's affidavits were unreasonable.

Graham now moves to strike Dr. Patel's affidavit on the grounds that it provides her no notice of the information on which his conclusions are based. She also maintains that Dr. Patel, an orthopaedic specialist, lacks the knowledge necessary to question charges assessed by physicians in other fields. Graham maintains that these flaws render Dr. Patel's affidavit deficient under § 18.001.

II

This court has held that "§ 18.001(b) is procedural and therefore inapplicable in federal court." *Jones v. QuikTrip Corp.*, 2020 WL 6149967, at *1 (N.D. Tex. Oct. 20, 2020) (Fitzwater, J.). The court acknowledges that judges of this court, including the undersigned, have held differently in the past. *Id*. at *2. But once the Supreme Court of Texas characterized § 18.001(b) as a procedural rule, *see Gunn v. McCoy*, 554 S.W.3d 645, 672, 674 (Tex. 2018), judges of this court, including the undersigned, concluded that § 18.001(b) does not apply. *See, e.g.*, *Newby v. Kroger Co.*, 2020 WL 3963740, at *2 (N.D. Tex. July 11, 2020) (Godbey, J.); *Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (Boyle, J.). Thus "the procedures of § 18.001 do not apply in this federal action." *Galvez v. KLLM Transp. Servs. LLC*, 2021 WL 101514, at *2 (N.D. Tex. Jan. 12, 2021) (Fitzwater, J.).

Because the procedures of § 18.001 do not apply, Graham's § 18.001 affidavits are inadmissible under that statute and Dr. Patel's controverting affidavit is inadmissible as well.[2] Graham's motion to strike Dr. Patel's affidavit is therefore denied as moot.

\* \* \*

For the reasons explained, the court denies Graham's December 8, 2022 motion to strike as moot.

**SO ORDERED**.

January 4, 2023.

*[signature]*
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[2]The court does not rule out the possibility that these affidavits may be admissible for other reasons, such as for impeachment. But they are not admissible under the procedures of § 18.001.