```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION
```

LA WANDA GRAHAM,                  §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   Civil Action No. 3:21-CV-1274-D
                                  §
JEMARCUS LEWIS, et al.,           §
                                  §
          Defendants.             §

## MEMORANDUM OPINION AND ORDER

In this removed action arising from a vehicle accident, defendants Jemarcus Lewis ("Lewis") and KLLM Transport Services, LLC ("KLLM") move for partial summary judgment, seeking to dismiss plaintiff LaWanda Graham's ("Graham's") claims against KLLM for negligent hiring, negligent retention, negligent entrustment, and any other claims that assert that KLLM is derivatively liable for Lewis' action through KLLM's own alleged ordinary negligence. For the reasons that follow, the court grants the motion.

I

This lawsuit arises from a vehicle accident that occurred in 2020 in Lancaster, Texas.[1] As defendant Lewis was changing lanes, the tractor-trailer he was operating collided with a vehicle being driven by plaintiff Graham, injuring Graham. KLLM has stipulated that, at the time of the accident, "Lewis was operating a commercial motor vehicle as an agent of KLLM

---

[1] The court recounts the facts in the light most favorable to Graham, as the summary judgment nonmovant, and draws all reasonable inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

Transport Services, LLC, in the course and scope of his employment." Ds. Stip. as to Course and Scope (ECF No. 41) at 1.

Graham sued defendants in state court, alleging that Lewis was negligent and grossly negligent in operating the tractor-trailer. She also asserted that KLLM was vicariously liable for Lewis' negligence; that KLLM acted negligently in hiring, retaining, and entrusting operation of the tractor-trailer to Lewis; and that KLLM was grossly negligent. After defendants removed the case to this court, Graham amended her complaint[2] and abandoned her claims of gross negligence. Defendants now move for partial summary judgment, contending that KLLM's stipulation to vicarious liability renders Graham's direct negligence claims against KLLM inadmissible. Graham has not responded to the motion,[3] and it is ripe for decision.

II

Although Graham's failure to respond to defendants' motion does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which

---

[2] Graham amended her state-court original petition once while the case was still in state court. She then amended her complaint a second time after the case was removed to this court. Her operative complaint is her second amended complaint.

[3] Graham's response was due January 6, 2023. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Because of the impending trial setting, the court is not awaiting a possible tardy response from Graham before entering a ruling.

do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2), (3).

III

Defendants contend that, as a matter of state law, Graham cannot recover on her ordinary negligence claims against KLLM both directly and based on vicarious liability.

A

Texas tort law, as the "governing law," dictates what facts are material to the instant matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Texas courts have held that "[w]here only ordinary negligence is alleged, the case law supports [the] contention that negligent hiring or negligent entrustment and respondeat superior are mutually exclusive modes of recovery." *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App. 2002, pet. denied). Put differently,

> [i]n cases where the plaintiff was relying upon the theory of negligent entrustment of a motor vehicle, the courts have refused to permit the plaintiff to proceed with this separate ground of recovery against the owner where the derivative liability of the owner has already been established by an admission or stipulation of agency or course and scope of employment.

- 3 -

*Arrington's Est. v. Fields*, 578 S.W.2d 173, 178 (Tex. App. 1979, writ ref'd n.r.e.); *see also Perez v. Boecken*, 2020 WL 3452990, at *5 (W.D. Tex. June 23, 2020); *FTS Int'l Servs., LLC v. Patterson*, 2020 WL 5047913, at *4 (Tex. App. 2020, no pet. h.) (mem. op.).  Thus if the defendant-employer admits vicarious liability, by definition the employer "assumes liability for any negligence on the part of [the employee] ... and, consequently, Plaintiff's direct negligence claims against [the employer] are irrelevant." *Fuller v. Werner Enters., Inc.*, 2018 WL 3548886, at *2 (N.D. Tex. July 24, 2018) (Toliver, J.) (citing *Rosell*, 89 S.W.3d at 654).[4]

Where, as here, the court is exercising diversity jurisdiction, it is *Erie*-bound[5] to apply the law as would a Texas court.  *See, e.g.*, *Allstate Ins. Co. v. Shelby*, 672 F. Supp. 956, 958 (N.D. Tex. 1987) (Fitzwater, J.).  When there is no binding decision of the Supreme Court of Texas on a question, this court must make an "*Erie*-guess," i.e., a prediction of how that court would resolve the issue if presented with the same case.  *See, e.g., Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) (citing *Six Flags, Inc. v. Westchester Surplus Lines Ins. Co.*, 565 F.3d 948, 954 (5th Cir. 2009)).  "While decisions of intermediate state appellate courts provide guidance, they are not controlling.  If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 565-66 (5th Cir. 2005) (citations omitted).  Based on the court's

---

[4] The Texas legislature has likewise endorsed this rule, albeit after the instant suit was filed.  Tex. Civ. Prac. & Rem. Code Ann. § 72.054 (West 2021).

[5] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

review of Texas law, it predicts that the Supreme Court of Texas would hold that where, as here, the employer has stipulated to agency and course and scope of employment, the plaintiff cannot recover on her direct ordinary negligence claims against the employer as a matter of law.

B

In light of the foregoing rule, the relevant facts for the purpose of deciding defendants' motion for partial summary judgment are whether Graham alleges gross negligence or only ordinary negligence and whether KLLM has stipulated that Lewis was operating the tractor-trailer as the agent of KLLM in the course and scope of his employment. There is no dispute regarding these facts. Graham's second amended complaint alleges only ordinary negligence. And KLLM has stipulated that Lewis was acting within the course and scope of his employment, as an agent of KLLM, when the accident allegedly occurred. Accordingly, defendants have established that there are no genuine issues of material fact with respect to whether Graham's direct negligence claim against KLLM can proceed under Texas law, and that KLLM is entitled to summary judgment as a matter of law. The court therefore grants defendants' motion for partial summary judgment and dismisses Graham's claims against KLLM for negligent hiring, negligent retention, negligent entrustment, and any other claims that assert that KLLM is derivatively liable for Lewis' action through KLLM's own alleged ordinary negligence.

\* \* \*

For the foregoing reasons, defendants' motion for partial summary judgment is granted.

**SO ORDERED**.

January 9, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE