IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LA WANDA GRAHAM, § § § § § § § § § § | |
| Plaintiff, | |
| VS. | Civil Action No. 3:21-CV-1274-D |
| JEMARCUS LEWIS, et al., | |
| Defendants. | |

MEMORANDUM OPINION
AND ORDER

On January 9, 2023 the court granted partial summary judgment in favor of defendant KLLM Transport Services LLC ("KLLM") in response to a motion for partial summary judgment filed by defendants KLLM and Jemarcus Lewis ("Lewis"). Plaintiff La Wanda Graham ("Graham") moves for reconsideration.[1] For the following reasons, the court denies the motion.[2]

I

Defendants filed their motion for partial summary judgment on December 16, 2022. Graham's response was therefore due on January 6, 2023. *See* N.D. Tex. Civ. R. 7.1(e) ("A

---

[1] Graham filed a motion for reconsideration on January 18, 2023 and an amended motion for reconsideration on February 9, 2023. The initial, superseded motion is denied without prejudice as moot.

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

response and brief to an opposed motion must be filed within 21 days from the date the motion is filed."). Graham failed to respond by that date. In light of the impending trial setting, the court promptly ruled on the motion on January 9, 2023 and granted partial summary judgment in KLLM's favor. Graham's motion for reconsideration asks the court, in part, to excuse her failure to file a response based on excusable neglect. She maintains that her attorneys' calendaring error, coupled with confusion between her attorneys caused by the holidays, excuse her failure to respond. She also responds to the merits of defendants' motion for partial summary judgment.

II

Although the court doubts that Graham has established excusable neglect, *see Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991), the court is not basing its denial of her motion for reconsideration on her failure to respond to defendant's motion for partial summary judgment. Instead, the court is denying her motion because her opposition to defendants' motion fails on its merits.

The court granted partial summary judgment dismissing Graham's claims against KLLM for negligent hiring, negligent retention, negligent entrustment, and any other claims that assert that KLLM is derivatively liable for Lewis' action through KLLM's own alleged ordinary negligence. Graham argues for two reasons that the court should not have granted partial summary judgment on her direct negligence claims against KLLM. First, Graham maintains that the stipulation on which the grant of partial summary judgment was based is too vague to satisfy the requirements of the so-called *respondeat superior* admission rule.

Second, Graham contends that "any interpretation of Texas law that absolves an interstate motor carrier[] of its direct (non-vicarious) duties is pre-empted by federal law . . .." P. Am. Mot. for Recons. at 6.

As to Graham's first contention, defendants have cleared up any purported ambiguities in the stipulation of vicarious liability in their response to Graham's motion for reconsideration. They clearly state that the stipulation is intended to fully preclude their advancing any argument that Lewis was an independent contractor and therefore that the doctrine of *respondeat superior* does not apply. The court agrees with this characterization of defendants' stipulation and holds that this interpretation is binding on defendants. The court therefore concludes that the stipulation is sufficient to warrant granting summary judgment in KLLM's favor on the issue of the direct negligence claims asserted against KLLM, just as the court did in its January 9 memorandum opinion and order.

Graham's second argument—that disposing of the direct negligence claims against KLLM conflicts with federal law—is foreclosed by *Fuller v. Werner Enterprises, Inc.*, 2018 WL 3548886, at *3-5 (N.D. Tex. July 24, 2018) (Toliver, J.). These federal regulations—and the deposition testimony Graham cites in support of their having been violated by defendants—are also wholly irrelevant to the issue whether the court properly granted defendants' motion for partial summary judgment based on the *respondeat superior* admission rule.

Graham's amended motion for reconsideration is denied.

**SO ORDERED**.

March 9, 2023.

                                          _____
                                          SIDNEY A. FITZWATER
                                          SENIOR JUDGE