IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LA WANDA GRAHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-1274-D |
| | § | |
| JEMARCUS LEWIS, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed case arising out of a motor vehicle accident, plaintiff La Wanda Graham ("Graham") moves for leave to designate an expert witness after the court-ordered deadline.[1] Defendants KLLM Transport Services LLC ("KLLM") and Jemarcus Lewis ("Lewis") oppose the motion. For the reasons that follow, the court denies the motion.

I

Because the background facts and procedural history are set out in the court's prior memorandum opinion and order, *Graham v. Lewis*, 2023 WL 138923, at *1 (N.D. Tex. Jan. 9, 2023) (Fitzwater, J.) ("*Graham I*"), the court will recount only the background facts and procedural history that are pertinent to the present decision.

The first scheduling order entered in this case required the parties to designate expert

---

[1] Graham filed a motion to designate an expert witness on February 27, 2023 and a motion to amend her motion to designate an expert witness on March 2, 2023. Because the motions are virtually identical, the court will address the merits of the March 2 motion and deny the February 27, 2023 motion as moot.

witnesses by October 5, 2021. Nevertheless, Graham maintains that the court should permit her to designate Roger C. Allen ("Allen"), a commercial transportation and safety consultant, as an expert witness mere days before trial, which is scheduled to commence April 3, 2023. Graham notes that the deposition of KLLM's corporate representative that was originally scheduled for March 11, 2022 did not occur until January 16, 2023. And she maintains that testimony from that deposition led to the discovery of a critical piece of new evidence that can only be meaningfully presented to the jury with the aid of Allen's expert testimony. Defendants oppose the motion, which the court is deciding on the briefs.[2]

II

A

When deciding whether to allow late designation of an expert witness, the court's discretion is guided by four factors: "(1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Wright v. Blythe-Nelson*, 2001 WL 804529, at *2 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The court considers the four factors holistically such that no individual factor is dispositive, and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863,

---

[2]Defendants responded to Graham's motion on March 10, 2023. If Graham desired to file a reply to the response, it was due by March 24, 2023. Graham did not file a reply, and her motion is now ripe for decision.

at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). When the scheduling order sets out the deadline by which expert witnesses must have been designated, the court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman*, 893 F.2d at 790.

B

1

Graham's explanation for failing to timely designate Allen as an expert witness is that new evidence, revealed only in January of 2023 at the deposition of KLLM's corporate representative, made Allen's testimony necessary.

The newly-discovered evidence to which Graham refers is the accident report that Lewis completed after the accident occurred. Although this piece of evidence is doubtless relevant to Graham's case, nothing in the report seems surprising or unusual, so it cannot reasonably be said that a new expert witness is now necessary but was not necessary before this evidence was discovered. In other words, the accident report reveals nothing new that will require testimony *from an expert* to explain to the trier of fact. Moreover, the topics about which Allen intends to testify—KLLM's and, to a lesser degree, Lewis's compliance with federal regulations—are topics that Graham could have predicted would become relevant at a much earlier stage of the case. Accordingly, she could have obtained an expert to opine on those topics well in advance of the October 2021 deadline. And Graham notes that the deposition of KLLM's corporate representative was originally scheduled to occur in March of 2022; even if the deposition had occurred at that time, an expert designation would

have been untimely.

Thus this first factor weighs against granting Graham's motion.

2

None of Allen's testimony is important enough to warrant granting the instant motion. The large majority of the testimony is irrelevant because it pertains to the alleged negligence of KLLM, a matter that is no longer at issue. *See Graham I*, 2023 WL 138923, at *2-3 (granting summary judgment for defendants on the issue of Graham's direct negligence claims against KLLM). Moreover, several of the conclusions that Allen reaches are impermissible legal conclusions about which an expert is incompetent to testify. *See Am. Can! v. Arch Ins. Co.*, 597 F.Supp.3d 1038, 1047 (N.D. Tex. 2022) (Fitzwater, J.). And what little testimony remains regarding Lewis' own alleged negligence, while arguably important as a practical matter, is legally irrelevant because it does not involve, as Fed. R. Evid. 702 requires, "the expert's *scientific, technical, or other specialized knowledge* [that will] help the trier of fact to understand the evidence or determine a fact in issue." (emphasis added). The facts related to these conclusions are such that the jury does not need the aid of an expert to understand and evaluate them. *See United States v. West*, 22 F.3d 586, 599 (5th Cir. 1994).

3

The third and fourth factors can be addressed together.  As discussed above, the permissible opinions about which Allen is prepared to testify largely constitute common knowledge.  Thus allowing him to testify regarding these conclusions—which likely can be established via the testimony of fact witnesses—would not necessarily prejudice defendants.

As for the availability of a trial continuance, although a continuance is available, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004).

Accordingly, the third and fourth factors together counsel in favor of denying Graham's motion.

4

Viewing the factors holistically, the court concludes that Graham's motion should be denied.  Graham's explanation for failing to identify Allen as a witness is insufficient, the testimony is not particularly important for the jurors to understand the evidence, and while defendants will not necessarily be prejudiced, the trial should not be continued based on Graham's failure to comply with the expert designation deadline.

* * *

For the reasons stated, Graham's motion for leave to designate an expert witness is denied.

**SO ORDERED**.

March 28, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE